**NATIONAL ELECTRIC SIGNALING CO. et al. v. UNITED STATES.**

No. C–26.

Court of Claims.

May 3, 1943.

762

Jo. Baily Brown, of Pittsburgh, Pa., for plaintiffs.

Clifton v. Edwards, of New York City, and Francis M. Shea, Asst. Atty. Gen. (J. F. Mothershead and T. Hayward Brown, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge, delivered the opinion of the court:

As set forth in the findings the government during the accounting period manu-

factured, or had manufactured for it, and used 24,990 wireless receiving units, or sets, embodying and utilizing the heterodyne inventions covered by certain patents issued to Reginald A. Fessenden, Nos. 1,050,441 and 1,050,728. The heterodyne inventions included in some of these wireless telegraph receiving units were not, as explained in the findings, exclusively used at all times by the government, and, for the purpose of determining the reasonable and entire compensation to which the owner of the patents is entitled measured by a reasonable royalty on the cost of the receiving units, the percentage of the total gross cost of such receiving units embodying the heterodyne inventions properly to be allocated to heterodyne use or reception, as has been reasonably established by the evidence, is set forth in the findings. The total gross cost of these receiving units embodying the heterodyne inventions was $3,751,822.49, and the percentage of this cost, shown by the evidence to be properly allocable to heterodyne use of the receiving units, is $1,921,403.41. See finding 31.

The principal sum of $689,584.64 claimed is made up of three items. Under the first item plaintiffs ask for partial compensation in the principal amount of $194,787.45 in the form of base royalty of 10 percentum of the total cost of the receiving units, per se, which embodied the heterodyne invention, the 10 percentum being reduced in proportion to the nonheterodyne use of receivers, or 4.8%, resulting in a net royalty of 5.2% of the cost of the receiving units.

Under the second item plaintiffs ask partial compensation of the principal sum of $136,374.33 in the form of a royalty of 5 percentum of the total cost of continuous wave transmitters, per se, acquired, constructed, and used by the government for sending wireless telegraph signals, such percentum being proportionately reduced to the extent that the specific transmitting apparatus had any uses not involving continuous-wave radio telegraph service.

Under the third item plaintiffs ask for partial compensation in the sum of $333,-543.10 measured by a royalty of 5 percentum of the government's capital investment in its permanent long-distance transmitting and receiving wireless telegraph communication network, in connection with which communication system it used the heterodyne inventions.

The defendant takes the position that plaintiffs' reasonable and entire compensation should be measured by a reasonable royalty on the cost of the receivers only, and that plaintiffs are not entitled to include in such compensation any amount measured by the cost of transmitters not utilizing the heterodyne invention, nor a percentage of the government's capital investment during the accounting period in its long-distance wireless communication network.

The defendant also contends that the reasonable royalty which should be allowed for use by the government of the heterodyne inventions should be 10 percentum of the cost of the receivers in groups A and F (finding 23), namely, 10 percentum of $244,605.71, or $24,460.57.

As to groups B, C, D, and E (finding 23), the defendant makes the argument that the evidence is not sufficient to show use by the defendant of the heterodyne inventions in the receiving units listed in these groups during the accounting period, or, if the inventions were used, the proper percentage of such use, and that, therefore, the claim for compensation based on these receiving units should be dismissed for lack of proof of infringement.

The question of what is a reasonable royalty under all the facts and circumstances disclosed by the record for the use by the government of the heterodyne inventions, covered by the patents in suit, is a question of fact. From a consideration of all the evidence and in view of the basic or pioneer character of the heterodyne inventions covered by these patents and their value and importance in the related art, we have determined and found that a reasonable royalty is 18 percentum of the cost of the receivers exclusively used. for heterodyne reception and the same percentage of the cost shown by the evidence to be properly allocable to heterodyne use of receivers embodying the heterodyne invention, to the extent that they were used for such heterodyne reception. See findings 31 and 32. This royalty is, in our opinion, a fair and proper measure of the principal sum of reasonable and entire compensation to which the owner of the patents is entitled.

Items 2 and 3 of plaintiff's claim for compensation measured by a percentage on the cost to the defendant of wireless telegraph transmitting facilities and of the government's capital investment in its wireless telegraph communication network **cannot be allowed.** Transmitters, such as

768

were used by the defendant during the accounting period, were old in the art at the time of issuance of the patents in suit and the novel and patentable features covered by the patents in suit are limited by the doctrine announced by the Supreme Court in Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398, to apparatus for and method of receiving wireless communications. During the accounting period means for radio telegraph transmission and reception were available and were used without utilizing the heterodyne invention. The evidence further shows that the tone-wheel method for reception of long-distance wireless telegraph communication could be used and was used to some extent in receiving trans-Atlantic wireless telegraph communications. It was not by any means as efficient or as satisfactory for this purpose as the inventions covered by the patents in suit, and, therein, we think lies the great merit and value of the heterodyne invention.

Other patents cited by the defendant, issued long after the patents in suit to Vreeland for an electrical circuit by which the received signal current and the locally produced oscillating current are caused to flow in a common conductive circuit, to be there rectified, and to De Forest for the three-electrode vacuum tube circuits were important contributions as subsequent steps to the radio art, but they did not supplant the Fessenden heterodyne inventions. The Vreeland circuit was of great practical value in the art and the De Forest oscillating tube simplified and improved the operation of the Fessenden heterodyne inventions through amplification and by providing a better local oscillator than had been known before. These patents have been given proper consideration in arriving at the reasonable royalty of 18 percentum to which we think, upon the whole record, the owner of the patents in suit is entitled.

Judgment will be entered in favor of the International Devices Company for $345,852.61 plus an additional amount measured by interest at 5 percentum per annum from November 11, 1918, to date of payment of the judgment herein, not as interest but as a part of the entire or just compensation. It is so ordered.

WHALEY, Chief Justice, and MADDEN, Judge, concur.

JONES and WHITAKER, Judges, took no part in the decision of this case.